FILED
IN CLERK'S OFFICE Rec'd
U.S. DISTRICT COURT E.D.N.Y. 7/14/12
★ JUL 13 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

HERBERT RATTLER,

                Petitioner,

    v.

PHILIP HEATH, Superintendent,
Sing Sing Correctional Facility,

                Respondent.

----------------------------------------------------------------x

**MEMORANDUM & ORDER**
10 CV 2297 (MKB)

BRODIE, United States District Judge:

    Petitioner Herbert Rattler brings the above-captioned *pro se* petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in New York Supreme Court, Kings County, for robbery in the second degree. Petitioner was sentenced to an eleven year prison term and five years of post-release supervision. Petitioner appealed his conviction to the New York Appellate Division, Second Department. Petitioner argued that the evidence at trial was legally insufficient, and thus, the verdict was against the weight of the evidence. The Appellate Division rejected Petitioner's claims and affirmed his conviction. *People v. Rattler*, 888 N.Y.S.2d 896 (App. Div. 2009). The New York Court of Appeals denied leave to appeal. *People v. Rattler*, 899 N.Y.S.2d 139 (2010). Petitioner raises the same claims in the instant petition. For the reasons set forth below, the petition is denied.

I.  **Background**

The evidence at trial showed that on December 12, 2006, Petitioner and his co-worker Eric Simpson, entered an appliance repair shop located at 950 Nostrand Avenue in Brooklyn, New York, carrying imitation air pistols, which looked like real guns. (Resp. Opp. Aff. ¶ 4; Pet'r Appellate Br. 7.) They threatened to shoot anyone who did not give them their money. (Resp. Opp. Aff. ¶ 4.) Israel Bussereth, the owner of the store, along with Emilio Michel and Santo Fernandez were in the shop during the robbery. (Pet'r Appellate Br. 4.) Petitioner and Simpson stole money, a cell phone and betting slips from Fernandez. (Resp. Opp. Aff. ¶ 4.) The police arrived while the robbery was still in progress and Petitioner and Simpson ran towards the back of the shop and were subsequently apprehended in the yard behind the shop. *Id.* The police witnessed Petitioner drop his pistol on the ground and recovered it. *Id.*

At trial, the witnesses present in the store during the robbery, one of the police officers at the scene, and the detective on the case testified. The witnesses, Bussereth, Michel, and Fernandez, each testified that two armed men robbed the store and then ran out the back of the store. (Trial Tr. 23-27, 34-36, 40-43.) Both Bussereth and Fernandez testified that while one man stood watch at the door, the other man took money and a cell phone from Fernandez and that they were verbally threatened by the robbers. *Id.* at 23-24, 40. On direct examination, Fernandez also admitted on the stand that he had been running an illegal numbers game out of Bussereth's shop and when the police arrived he also ran out the back door of the shop because he was scared. *Id.* at 40-43. Police Officer Frank Bulzoni was one of the officers who arrived on the scene as Petitioner and Simpson fled. Bulzoni testified that upon his arrival on the scene, he was told that the perpetrators ran towards the back of the store. *Id.* at 94-97. He immediately followed the perpetrators into the yard behind the shop and personally witnessed Petitioner and

2

Simpson discard their guns. *Id.* Bulzoni recovered the guns at the scene. *Id.* Detective Frank Miceli, the detective on the investigation, interviewed Petitioner and Simpson. *Id.* at 50. Detective Miceli testified that Petitioner received his *Miranda* rights and then composed a signed statement wherein he admitted that he and his co-worker had gone to the shop, "looking for money there." *Id.* at 50-56.

Petitioner was convicted of robbery in the second degree and sentenced to eleven years imprisonment with five years of post-release supervision. (Resp. Opp. Aff. ¶ 7.) Petitioner appealed his conviction to the Appellate Division, Second Department, alleging that the State failed to prove beyond a reasonable doubt that he committed robbery in the second degree based upon the evidence presented at trial. (Pet'r Appellate Br. 11-18.) Petitioner alleged that the verdict was against the weight of the evidence. *Id.* The Appellate Division rejected Petitioner's claims and affirmed the conviction. *People v. Rattler*, 888 N.Y.S.2d 896 (App. Div. 2009). The Appellate Division held that the evidence was legally sufficient to support petitioner's conviction and that the verdict was not against the weight of the evidence. *Id.* at 896. The New York State Court of Appeals denied petitioner's request for leave to appeal. *People v. Rattler*, 899 N.Y.S.2d 139 (2010). Accordingly, Petitioner's claims are exhausted. *See* 28 U.S.C. § 2254(b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is

3

"in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**b. The Sufficiency of the Evidence**

Petitioner argues that there was insufficient evidence to prove beyond a reasonable doubt that he committed robbery in the second degree. (Pet. at 3.) Petitioner presented this argument to the Appellate Division, which found that the evidence "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt." *Rattler*, 888 N.Y.S.2d at 896. Respondent argues

that the state court's finding was neither contrary to nor an unreasonable application of clearly established federal law. (Resp.'s Mem. of Law 3.) For the reasons below, the Court finds that Petitioner's conviction was neither contrary to nor an unreasonable application of clearly established federal law, thus, the petition is denied.

The proper inquiry for reviewing a claim regarding the sufficiency of the evidence is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Cavazos v. Smith*, 565 U.S. __, 132 S.Ct. 2, 6 (2011) (per curiam) (emphasis in original) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A petitioner challenging the sufficiency of the evidence of his guilt in a habeas corpus proceeding "bears a very heavy burden." *Fama v. Comm'r. of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir. 2000). "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos*, 565 U.S. __, 132 S.Ct. at 3; *see also Langston v. Smith*, 630 F.3d 310, 314 (2d Cir. 2011) ("[J]udges must be highly deferential to the jury's verdict of conviction[.]"). Furthermore, the court reviewing a habeas petition must apply this standard "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Langston*, 630 F.3d at 314 (quoting *Jackson*, 443 U.S. at 324 n.16); *see also Dixon v. Miller*, 293 F.3d 74, 79 (2d Cir. 2002) ("The state court's interpretation of the proof required must be applied on collateral review to prevent a violation of the Due Process Clause of the Fourteenth Amendment, which guards against convicting a defendant without proof beyond a reasonable doubt on each element of his crime."); *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999) ("A federal court must look to state law to determine the elements of the crime.").

Petitioner was convicted under New York Penal Law § 160.10(2)(b), which provides that a defendant is guilty of robbery in the second degree when the defendant forcibly steals property and in the course of the commission of the robbery or the immediate flight therefrom, the defendant or another participant in the crime displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. *See also Gonzalez v. Reiner*, 177 F.Supp.2d 211, 218 (S.D.N.Y. 2001) (describing the elements that must be proven at trial for conviction under this provision); *People v. Baskerville*, 469 N.Y.S.2d 646, 649-50 (1983) (same).

Petitioner argues that the government failed to prove beyond a reasonable doubt that he committed second degree robbery and, therefore the verdict was against the weight of the evidence because there was "confused and contradictory" testimony from the witnesses at trial, the civilian witnesses did not identify him, the testimony of the police officers was inconsistent and the robbery proceeds were found on someone other than Petitioner. (Pet. 3; Pet'r Appellate Br. 11-18.) Petitioner argues that none of the witnesses positively identified him as one of the perpetrators and that none of the proceeds of the robbery were found in his possession. (Pet. 3.)

Petitioner's challenge to the sufficiency of the evidence is unavailing. All three civilian witnesses testified consistently that the robbery was committed by two men who brandished guns. (Trial Tr. 23-27, 34-36, 40-43.) Two witnesses testified that the perpetrators threatened to kill them if they did not cooperate. *Id.* at 23-24, 40. All the witnesses also testified that when the police arrived, the perpetrators ran out the back door into the yard. *Id.* 23-27, 34-36, 40-43. Within moments, Petitioner was discovered in the yard behind the shop and Officer Bussereth witnessed Petitioner drop his gun. *Id.* at 94-95. Police recovered the weapons after Petitioner and Simpson placed them on the ground. *Id.* 96. Moreover, Petitioner's written confession that he went to the shop with his co-worker, "looking for money there," supports the jury's finding

that the two men in the yard were the perpetrators of the crime and that one of those two men was Petitioner. *See id.* 50-56. Viewing the record in the light most favorable to the prosecution, and drawing all permissible inferences in the prosecution's favor, the evidence was clearly sufficient. *See Phillips v. Lee*, No. 10–CV–4685 (ARR), 2012 WL 847432, at *6 (E.D.N.Y. Mar. 13, 2012) ("The evidence adduced established far more than petitioner's 'mere presence' at the crime scene."); *see also Gaskin v. Graham*, No. 08-CV-1124 (JFB), 2009 WL 5214498, at *1 (E.D.N.Y. Dec. 30, 2009) (upholding a conviction where a "rational factfinder, viewing the evidence in the light most favorable to the prosecution and drawing all permissible inferences in the prosecution's favor, could have found the" petitioner guilty); *Archer v. Fischer*, No. 05CV4990 (JFB), 2009 WL 1011591, at *14 (E.D.N.Y. April 13, 2009) (same).

The Appellate Division found that the evidence presented at trial "was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence." *Rattler*, 888 N.Y.S.2d at 896. In light of the substantial evidence of Petitioner's guilt, the state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law.[1]

### III. Conclusion

For the foregoing reasons, the petition for habeas corpus pursuant to 28 U.S.C. § 2254 is denied and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good

---

[1] The Court notes that on January 6, 2011, Petitioner filed a reply to Respondent's opposition, raising the additional argument that at trial, the government violated *People v. Molineux*, 169 N.Y. 264 (1901). Petitioner did not raise this claim in state court and it was not raised in Petitioner's 28 U.S.C. § 2254 petition.

faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 13, 2012
       Brooklyn, NY

                                      S/Judge Brodie
                                      MARGO K. BRODIE
                                      United States District Judge